# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-3297

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Robert L. Boyles, Jr., | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 23, 2012
Filed: February 27, 2012

_____

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Robert Boyles, Jr. pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court[1] sentenced him to 107 months in prison and 3 years of supervised release. On appeal, Boyles's counsel has moved to withdraw and has submitted a brief under Anders v. California, 386 U.S. 738 (1967), challenging the reasonableness of the sentence.

_____

[1]The Honorable Gregory Kays, United States District Judge for the Western District of Missouri.

The written plea agreement in this case contains an appeal-waiver clause under which Boyles waived the right to appeal his sentence except for claims of an illegal sentence, and waived the right to appeal his conviction except for claims of ineffective assistance of counsel and prosecutorial misconduct. After careful review of the record, we will enforce the appeal waiver. The plea agreement and plea hearing transcript show that Boyles entered his guilty plea and agreed to the appeal waiver knowingly and voluntarily; the sentencing argument raised in this appeal falls within the scope of the waiver; and no miscarriage of justice would result from enforcing the waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc).[2]

Further, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues outside the scope of the appeal waiver. Accordingly, we grant counsel's motion to withdraw, and we dismiss this appeal.

_____

_____

[2]Counsel states in the Anders brief that Boyles believes he received ineffective assistance of counsel, but he does not explain the basis for that claim, and we do not take it up in this direct criminal appeal. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007).